*In re* MARRIAGE OF LENORE A. BURGESS, Petitioner-Appellee, and JOHN W. BURGESS, Respondent-Appellant.

Third District   No. 3—85—0129

Opinion filed November 1, 1985.

Martin H. Katz, Samuel S. McHard, and Donovan S. Robertson, all of Katz, McAndrews, Durkee, Balch & Lefstein, of Rock Island, for appellant.

William M. Walker and James J. Coryn, both of Coryn, Walker & Meehan, of Rock Island, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The issue raised on this appeal calls for a determination of whether the trial court's award of maintenance to the wife may stand in view of the fact that the parties had entered into a valid antenuptial agreement which, by its terms, barred such maintenance. We hold that the award in this case may not stand.

Lenore Wheelan and John Burgess were married on September 3, 1977, in Fort Collins, Colorado. Prior to their marriage, John and Lenore entered into an antenuptial agreement. The agreement provided for a division of assets and included a waiver of maintenance or alimony after divorce. On September 16, 1982, Mrs. Burgess filed a dissolution of marriage action in the circuit court of Rock Island. In June of 1983, Judge David DeDoncker issued an opinion and order dividing the parties' property. The trial court found that the antenuptial agreement was fair and that Mrs. Burgess had knowingly agreed to fix her rights in the event of divorce. However, it did not enforce the agreement with respect to property acquired by Mr. Burgess during the marriage, even though Mrs. Burgess had waived her right to such property when she signed the agreement. Following an appeal by John Burgess, in which we found the agreement controlling, we reversed the court's property division. (*In re Marriage of Burgess* (1984), 123 Ill. App. 3d 487, 462 N.E.2d 203.) Because the trial court had denied maintenance based on the division of marital property, we remanded the cause for further consideration of the maintenance issue.

Subsequently, on July 9, 1985, Judge DeDoncker entered an order directing John Burgess, the appellant in the instant action, to pay Lenore Burgess, the appellee, $400 per month as maintenance for a period of five years. By awarding maintenance without considering the necessity for such, the trial court misconstrued the mandate of this court.

With the antenuptial agreement already determined to be valid at the time of formation, the issue to be resolved by us in the present case is a narrow one. All that must be decided is whether the agreement to waive maintenance remains enforceable as of the time this marriage was dissolved.

The trial court found the waiver of maintenance clause was unenforceable because it did not provide for a settlement in lieu of mainte-

nance.

■ It is well established in Illinois that an antenuptial agreement is valid at the time of execution if it was entered with full knowledge and without fraud, duress or coercion. In *Eule v. Eule* (1974), 24 Ill. App. 3d 83, we held a court should uphold the validity of clauses in an antenuptial agreement when they are fair and reasonable. The texture of this test can be drawn from the public policy expressed in the Illinois Marriage and Dissolution of Marriage Act. Section 102 of the Act provides:

"This Act shall be liberally construed and applied to promote its underlying purposes, which are to:
(4) mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." (Ill. Rev. Stat. 1983, ch. 40, par. 102.)

Implicit in this purpose is the direction that Illinois courts are to mitigate the potential harm to spouses which could result from the strict enforcement of maintenance provisions of antenuptial agreements. Therefore, at the time of dissolution, courts may consider whether some untoward circumstance, one not contemplated by the parties, has occurred such that justice requires a re-examination of the issue of maintenance. This circumstance must be more than a mere change in economic fortune. An otherwise valid waiver of maintenance provision would be disregarded, for instance, if its enforcement would render the spouse a public charge. Such a condition of penury could arise because of a lack of property resources or because of a condition of unemployability such as a catastrophic illness or other severe physical or mental impairment. (See *In re Marriage of Newman* (Colo. 1982), 653 P.2d 728.) An examination of the facts in this case reveals we are not confronted with any such circumstances.

■ Before her marriage Lenore Burgess had a net worth of $412,000. Upon dissolution, her husband received none of her premarital assets. Her 1983 investment income amounted to over $38,000, and her financial condition was such that, upon separating from her husband, she could afford to spend $22,000 for furniture, drapes and household items in order to start a new household. Clearly, enforcement of the waiver of maintenance provision would not reduce Lenore to a condition of penury. Contrary to the appellee's contention and the trial judge's interpretation, our remand for further consideration of the maintenance issue did not *ipso facto* mandate the conclusion maintenance should be awarded. Rather, since the trial court had originally denied maintenance based on its division of property, and since we reversed that division of property, we remanded for further consider-

ation of the maintenance issue. We did not thereby indicate that maintenance was to be awarded.

For the reasons given, the judgment of the circuit court of Rock Island County awarding maintenance in this case, is reversed.

Reversed.

SCOTT and WOMBACHER, JJ., concur.